IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

MAI DANG  
20601 Boland Farm Road  
Germantown, Maryland 20876  

    Plaintiff,

v.

TARGET CORPORATION  
20908 Frederick Road  
Germantown, Maryland 20876  

    Defendant.

SERVE:

Registered Agent:  
The Corporation Trust Incorporated  
351 West Camden Street  
Baltimore, Maryland 21201

Civil Case No. 388377-V

**RECEIVED**

MAR 12 2014

Clerk of the Circuit Court  
Montgomery County, Md.

## COMPLAINT

Plaintiff Mai Dang, by and through her counsel of record, SMITH, LEASE & GOLDSTEIN, LLC, hereby files her Complaint against Defendant Target Corporation.

## PARTIES

1. Plaintiff Mai Dang ("Plaintiff") is an individual resident of the State of Maryland and resides in Montgomery County.

2. Defendant Target Corporation ("Target") is a corporation organized under the laws of Minnesota and maintains and operates numerous retail stores in Montgomery County, Maryland.

## FACTS

3. Plaintiff was employed by Target as a licensed pharmacist until her abrupt termination on March 30, 2013, after more than sixteen (16) years of employment. As set forth

herein, during her employment and culminating with her termination, Plaintiff was subjected to discrimination on the basis of her national origin (Vietnamese), gender (female) and/or because of her disability (cancer).

4. Plaintiff is an Asian female born in South Vietnam in 1963. Plaintiff left Vietnam in 1978 after the collapse of Saigon and, after spending two (2) years at a refugee camp in Indonesia, immigrated to the United States in 1980. Plaintiff was seventeen (17) years of age when she arrived in the United States.

5. Plaintiff is a graduate of the Northeastern University School of Pharmacy. Plaintiff is a licensed and registered pharmacist and has worked as a pharmacist since graduating Pharmacy School in 1990.

6. Plaintiff was hired as a Pharmacist by Target Corporation on June 22, 1996. At the time, Target was undergoing a major expansion initiative on the East Coast and Plaintiff was hired to manage the Pharmacy at Target's new location in Germantown, Maryland.

7. Throughout her employment, Plaintiff received generally positive annual performance evaluations and regular raises with regard to her annual compensation.

8. During Plaintiff's sixteen (16) years as a Target employee, she took great pride in her work, worked very long hours and provided excellent service to her Pharmacy customers -- many of whom have provided letters of support following her unjust termination underscoring their appreciation for Plaintiff's dedication, diligence and outstanding service. Plaintiff's former co-workers at Target have provided similar letters.

9. Throughout Plaintiff's employment at Target, Plaintiff was compensated at the low end of the company pay scale -- far less than non-Asian males with very similar skills, education and work experience. Plaintiff complained to Human Resources regarding her pay and

was given various explanations for the pay disparity. On one occasion, Plaintiff was told that most companies offer higher compensation to male employees because males are usually the bread winners for their families.

10.     During Plaintiff's employment, the Germantown Target Pharmacy was considered a high-volume store filling 1,300 to 1,600 prescriptions on a weekly basis. Thousands of new customers come to the Pharmacy each year.

11.     In May 2010, Plaintiff voluntarily stepped down as Pharmacy manager for family reasons.

12.     In October 2011, Plaintiff learned that she had breast cancer and, from November 2011 through March 29, 2012, Plaintiff was on extended medical leave under the Family and Medical Leave Act to obtain treatment for her cancer (chemotherapy and radiation). Target was advised of Plaintiff's cancer diagnosis and treatment.

13.     Upon Plaintiff's return on March 30, 2012, Plaintiff was given a schedule that included working weekends and back to back twelve (12) hour shifts. This schedule, which Plaintiff maintained through October 2012, was grueling and difficult as Plaintiff was still recovering from cancer treatment. Plaintiff was exhausted and began suffering from other health issues because of her work schedule, including neuropathy (numbness) in her feet.

14.     At Plaintiff's request, management agreed to change her schedule to work the twelve (12) hour shift every other day, alternate weekends, and eliminate the twelve (12) hour back to back shifts. At or about this time, Plaintiff received her first Corrective Action Report for alleged performance issues. Plaintiff strongly disagreed with the negative assessment of her performance and believed that the Corrective Action Report was instead related to her illness and extended absence to obtain treatment for cancer.

15. On January 5, 2013, John Schools became the new Pharmacy manager. Soon thereafter, Mr. Schools provided Plaintiff with a second unwarranted Corrective Action Report that was issued to because another employee (a pharmacy technician who worked on Plaintiff's shift) forgot to turn in the cash bag to the cash office. Despite Plaintiff's continuing health issues, Mr. Schools also changed her schedule back to working twelve (12) hour shifts back to back. Mr. Schools was not willing to accommodate Plaintiff's medical condition by eliminating back to back twelve (12) hour shifts.

16. Mr. Schools indicated that Plaintiff could have Mondays off if the pharmacist scheduler could find coverage for her but otherwise she would have to work the schedule he devised for her, which included weekend shifts and back to back twelve (12) hour shifts.

17. On February 6, 2013, Mr. Schools reprimanded Plaintiff unjustly for a customer service issue. Plaintiff had done nothing to warrant the discipline – Plaintiff provided, and have always provided, superior customer service to all of the individuals who patronized Target's Germantown Pharmacy.

18. On February 21, 2013, Plaintiff received a third Corrective Action Report based upon a factually incorrect assessment of her performance.

19. As a result of her schedule, the reprimand, the Corrective Action Report and the general workplace harassment and micromanagement to which she was being subjected, Plaintiff was exhausted, stressed and became very depressed about her work situation. Plaintiff began losing substantial weight, felt fatigued most of the day and could not feel her toes because of the neuropathy which was exacerbated by her harsh work conditions.

20. During an examination, Plaintiff's oncologist, Dr. Rajagopal, discovered lumps in her breast and Plaintiff was scheduled for a surgical procedure on March 21, 2013. On March 12, 2013, Plaintiff advised Target's scheduling team of her impending surgery.

21. On March 14, 2013, Dr. Rajagopal placed restrictions on Plaintiff's work hours due to her exhaustion, stress and sudden weight loss. According to Dr. Rajagopal, Plaintiff was not to work in excess of a nine (9) hour shift and was to work no more than three (3) consecutive shifts. Plaintiff verbally communicated this information to Mr. Schools on March 15, 2013 and then faxed her physician's written restrictions to the pharmacist scheduler on March 18, 2013.

22. Despite her physician's instructions, Plaintiff's schedule was not reduced to accommodate her medical condition and Plaintiff was forced to continue working twelve (12) hour shifts.

23. On March 21, 2013, Plaintiff had surgery as scheduled and then took approved vacation until March 30, 2013 during her recuperation.

24. When Plaintiff returned to work on March 30, 2013, she was abruptly terminated. There was no legitimate reason provided for Plaintiff's termination after over sixteen (16) years of dedicated service.

25. Plaintiff timely filed a charge of discrimination against Target with the Montgomery County Office of Human Rights and more than forty-five (45) days have elapsed since the filing of the charge.

## COUNT I
### National Origin Discrimination

26. Paragraphs 1 through 25 above are hereby adopted and incorporated herein by reference.

27. Target is an employer within the meaning of Montgomery County's Human Rights Act set forth in Chapter 27 of the Montgomery County Code.

28. Target's actions as described above constitute willful, intentional and unlawful employment discrimination against Plaintiff on the basis of her national origin, gender and disability in violation of Chapter 27, Section 27-19 of the Montgomery County Code.

29. As a result of Target's willful, intentional and unlawful discriminatory conduct, Plaintiff has suffered and will continue to suffer lost wages, severe mental and emotional distress, and other pecuniary and non-pecuniary damages.

30. Target's actions as described above were undertaken with actual malice.

31. Plaintiff filed a timely complaint with the Montgomery County Office of Human rights and has satisfied all conditions precedent to her right of recovery.

WHEREFORE, Plaintiff respectfully prays that the Court grant the following relief:

a. That judgment be entered in favor of Plaintiff and against Target for back pay in excess of $75,000.00;

b. That judgment be entered in favor of Plaintiff and against Target for front pay in excess of $75,000.00;

c. That judgment be entered in favor of Plaintiff and against Target for compensatory and punitive damages in an amount to be established at trial, but in excess of $75,000.00;

d. That Plaintiff be awarded reasonable attorney's fees and all costs and expenses incurred by Plaintiff in bringing this action;

e. Pre and post judgment interest at the highest rate permitted by law; and

f. Such other and further relief as the Court deems just and proper.

## COUNT II
### Gender Discrimination

32. Paragraphs 1 through 31 above are hereby adopted and incorporated herein by reference.

33. Target is an employer within the meaning of Montgomery County's Human Rights Act set forth in Chapter 27 of the Montgomery County Code.

34. Target's actions as described above constitute willful, intentional and unlawful employment discrimination against Plaintiff on the basis of her gender in violation of Chapter 27, Section 27-19 of the Montgomery County Code.

35. As a result of Target's willful, intentional and unlawful discriminatory conduct, Plaintiff has suffered and will continue to suffer lost wages, severe mental and emotional distress, and other pecuniary and non-pecuniary damages.

36. Target's actions as described above were undertaken with actual malice.

37. Plaintiff filed a timely complaint with the Montgomery County Office of Human rights and has satisfied all conditions precedent to her right of recovery.

WHEREFORE, Plaintiff respectfully prays that the Court grant the following relief:

a. That judgment be entered in favor of Plaintiff and against Target for back pay in excess of $75,000.00;

b. That judgment be entered in favor of Plaintiff and against Target for front pay in excess of $75,000.00;

c. That judgment be entered in favor of Plaintiff and against Target for compensatory and punitive damages in an amount to be established at trial, but in excess of $75,000.00;

      d.    That Plaintiff be awarded reasonable attorney's fees and all costs and expenses incurred by Plaintiff in bringing this action;

      e.    Pre and post judgment interest at the highest rate permitted by law; and

      f.    Such other and further relief as the Court deems just and proper.

## COUNT III
### Disability Discrimination

38.    Paragraphs 1 through 37 above are hereby adopted and incorporated herein by reference.

39.    Target is an employer within the meaning of Montgomery County's Human Rights Act set forth in Chapter 27 of the Montgomery County Code.

40.    Target's actions as described above constitute willful, intentional and unlawful employment discrimination against Plaintiff on the basis of her disability in violation of Chapter 27, Section 27-19 of the Montgomery County Code.

41.    As a result of Target's willful, intentional and unlawful discriminatory conduct, Plaintiff has suffered and will continue to suffer lost wages, severe mental and emotional distress, and other pecuniary and non-pecuniary damages.

42.    Target's actions as described above were undertaken with actual malice.

43.    Plaintiff filed a timely complaint with the Montgomery County Office of Human rights and has satisfied all conditions precedent to her right of recovery.

WHEREFORE, Plaintiff respectfully prays that the Court grant the following relief:

      a.    That judgment be entered in favor of Plaintiff and against Target for back pay in excess of $75,000.00;

      b.    That judgment be entered in favor of Plaintiff and against Target for front pay in excess of $75,000.00;

c.  That judgment be entered in favor of Plaintiff and against Target for compensatory and punitive damages in an amount to be established at trial, but in excess of $75,000.00;

d.  That Plaintiff be awarded reasonable attorney's fees and all costs and expenses incurred by Plaintiff in bringing this action;

e.  Pre and post judgment interest at the highest rate permitted by law; and

f.  Such other and further relief as the Court deems just and proper.

Respectfully submitted,

SMITH, LEASE & GOLDSTEIN, LLC

By: _____
Marc J. Smith
11 North Washington Street
Suite 520
Rockville, Maryland 20850
Phone: (301) 838-8950

**TRIAL BY JURY DEMANDED**

Plaintiff hereby requests trial by jury.

By: _____
Marc J. Smith