## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

MAI DANG,

      Plaintiff,

      v.

TARGET CORPORATION,

      Defendant.

Civil Action No. TDC-14-2215

### MEMORANDUM OPINION

This matter is before the Court on a Motion to Remand, ECF No. 11, filed by Plaintiff Mai Dang ("Dang"). The issue before the Court is whether Defendant Target Corporation ("Target") has timely filed its Notice of Removal. Having reviewed the pleadings and briefs, the Court finds no hearing necessary. *See* Local Rule 105.6 (D. Md. 2014). For the following reasons, the Motion to Remand is GRANTED.

### BACKGROUND

On March 12, 2014, Dang filed suit against Target in the Circuit Court for Montgomery County, Maryland alleging employment discrimination on the basis of national origin, gender, and disability under the Montgomery County Human Rights Act, Montgomery County Code § 27-19 (Am. Legal Publ'g Corp. 2014). Compl. ¶¶ 26-43, ECF No. 2. The Complaint contained no federal causes of action.

In the Complaint, Dang alleged that she is "an individual resident of the State of Maryland and resides in Montgomery County," and that Target is a "corporation organized under the laws of Minnesota and maintains and operates numerous retail stores in Montgomery County,

Maryland." Compl. ¶ 1-2. Dang also alleged that she is owed damages in excess of $75,000. *Id.* ¶¶ 31(a)-(c), 37(a)-(c), 43(a)-(c).

On March 27, 2014, Dang effected service on Target, which moved to dismiss the Complaint on April 25, 2014. Notice Removal ¶¶ 2, 4, ECF No. 1. On May 13, 2014, Dang filed an Amended Complaint, which alleged disability discrimination and retaliation under the Montgomery County Human Rights Act, no longer alleged the national origin and gender discrimination counts, and alleged additional facts. *See* Am. Compl., ECF No. 4. The Amended Complaint made no changes to the allegations regarding the parties' citizenship or the amount in controversy, and, like the original Complaint, contained no federal causes of action. *Id.* ¶¶ 1-2, 44(a)-(c), 52(a)-(c).

On June 2, 2014, Target filed an Answer to Plaintiff's Amended Complaint, Local Rule 103.5(a) Attach., Ex. I, ECF No. 10-9, and the case proceeded to discovery. Target propounded both its First Requests for Admissions and First Set of Interrogatories on Dang on June 4, 2014, *see* Local Rule 103.5(a) Attach., Ex. K, ECF No. 10-11, served Notice of Deposition of Dang on June 19, 2014, *see* Local Rule 103.5(a) Attach., Ex. L, ECF No. 10-12, and responded to both Dang's First Request for Production and First Interrogatories on June 30, 2014, *see* Local Rule 103.5(a) Attach., Ex. M, ECF No. 10-13.

On July 9, 2014, Target received Dang's responses to its discovery requests. *See* Notice Removal, Ex. D-E, ECF Nos. 1-4–1-5. Target's first Interrogatory stated: "Please describe in detail the location, including the city and state, where Target maintains its corporate headquarters." Notice Removal, Ex. E at 1. Dang responded, "Upon information and belief, Minneapolis, Minnesota." *Id.* Similarly, in reply to Target's First Request for Admissions, Dang responded that she, "[u]pon information and belief, admitted" that Target "does not

2

maintain its corporate headquarters in the state of Maryland," and that it "maintains its corporate headquarters in the state of Minnesota." Notice Removal, Ex. D at 1.

On July 10, 2014, Target filed in this Court its Notice of Removal on the basis of diversity jurisdiction, stating that the Notice of Removal was timely filed because the grounds for removal, specifically the location of Target's principal place of business, had not appeared on the face of any paper filed in the case until Dang submitted her responses to Target's discovery requests. Notice Removal ¶¶ 14-19. Dang filed the instant Motion to Remand on August 7, 2014.

## DISCUSSION

### I. Legal Standard

A defendant in a state civil action may remove the case to federal district court provided that the district court would have had original jurisdiction had the action been filed there in the first instance. 28 U.S.C. § 1441(a) (2012). The federal district courts have original jurisdiction over claims in which the amount in controversy exceeds $75,000 and there is complete diversity of citizenship among the parties, meaning no plaintiff and no defendant are citizens of the same state. 28 U.S.C. § 1332(a); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Where a party is a corporation, it is deemed to be a citizen of both the corporation's state of incorporation and the state in which its principal place of business, typically the site of its corporate headquarters, is located. *Id.* § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

Under 28 U.S.C. § 1446(b)(1), defendants must file a notice of removal within 30 days of receipt of the initial pleading. However, § 1446(b) also provides that:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from

3

which it may first be ascertained that the case is one which is or has become removable.

*Id.* § 1446(b)(3). Failure to file a timely notice of removal is a defect in removal procedure, *Cades v. H & R Block, Inc.*, 43 F.3d 869, 873 (4th Cir. 1994), and renders a case improperly removed.

When the plaintiff challenges the propriety of removal, the defendant bears the burden to establish that removal was proper. *Greer v. Crown Title Corp.*, 216 F. Supp. 2d 519, 521 (D. Md. 2002) (citing *Mucahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). On a motion to remand, a court should "resolve all doubts in favor of remanding the case to state court." *Richardson v. Phillip Morris, Inc.*, 950 F. Supp. 700, 702 (D. Md. 1997) (internal citation and quotation marks omitted).

## II.  Timeliness of Removal

In this case, Dang challenges Target's removal as untimely. Target acknowledges that it did not file its Notice of Removal until after the parties had entered discovery, more than three months after Target received service. Target argues, however, that the removal was timely because the 30-day removal period began only when Target received Dang's responses to its discovery requests, revealing for the first time on a paper filed in this case that Target's principal place of business is in Minnesota. Notice Removal ¶¶ 14-17. Target relies on *Lovern v. GMC*, 121 F.3d 160 (4th Cir. 1997), in which the United States Court of Appeals for the Fourth Circuit held that "only where an initial pleading reveals a ground for removal will the defendant be bound to file a notice of removal within 30 days" and instructed that courts should "rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper." *Id.* at

4

162. The court held that where the details revealing grounds for removal are "obscured or omitted, or indeed misstated" in the initial pleading, the defendant's 30-day period begins from the date of "the revelation of grounds for removal in an amended pleading, motion, order, or other paper . . . provided that, in diversity cases, no more than a year shall have passed from the initial pleading." *Id.*

Target argues that under *Lovern*, because neither the Complaint nor the Amended Complaint identify Target's principal place of business, notice of removability cannot be premised upon a defendant's "subjective knowledge" under *Lovern*'s "bright-line" test. Opp. Mot. Remand at 5-7, ECF No. 12. Under Target's theory, even though the jurisdictional fact not pleaded by Dang was Target's own principal place of business, a fact that it necessarily knew, *Lovern* requires Target to elicit that fact from Dang through discovery prior to removing the case.

*Lovern* does not require such an exercise. In *Lovern*, it was the *plaintiff's* citizenship, not the defendant's own citizenship, that was not apparent from the face of the pleadings, so the defendant could not have been expected to be aware of grounds for removal until it received through discovery the plaintiff's address in a police report and the plaintiff's responses to interrogatories. *Lovern*, 121 F.3d at 161. It was in that context that the Fourth Circuit held that the 30-day period for removal should begin upon the appearance of facts justifying removal in documents exchanged in the case by the parties, reasoning that otherwise "requir[ing] courts to inquire into the subjective knowledge of the defendant . . . could degenerate into a mini-trial regarding who knew what and when." *Id.* at 162.

The other cases relied on by Target similarly involve jurisdictional facts that a defendant would not necessarily know without their appearance in the papers in the case. In *Hawes v. Cart*

*Products, Inc.*, 386 F. Supp. 2d 681 (D.S.C. 2005), there were two corporate defendants, and grounds for removal were not initially apparent to the removing defendant because the complaint did not plead the citizenship of either corporation, alleging only that they were "organized under one of the fifty states," and stating neither corporation's principal place of business. *Id.* at 684. In that case, the court, applying *Lovern*, held that whether the removing defendant knew of the state in which the other defendant was incorporated or maintained its principal place of business was "irrelevant" because it had not been "pled within the four corners of the complaint." *Id.* at 685. Likewise in both *Citrano v. John Crane-Houdaille, Inc.*, 1 F. Supp. 3d 459 (D. Md. 2014), and *Covington v. Owens Illinois Glass Co.*, No. GLR-12-461, 2012 WL 4764883 (D. Md. Oct. 5, 2012), cases involving removal under 28 U.S.C. § 1442 for federal officers or agencies, the defendant corporations discovered that they had grounds for removal only when discovery revealed, for the first time, that the deceased plaintiffs' alleged exposure to asbestos had occurred while working aboard a United States Navy vessel. *Citrano*, 1 F. Supp. 3d at 466-67; *Covington*, 2012 WL 4764883, at *2-3. In all of these cases, the grounds for removal involved details that a defendant, in fact, may not have known. It is to those situations that courts have applied *Lovern*'s bright-line test that the parties' objective knowledge, as stated in the documents exchanged in the case, rather than the subjective knowledge of the defendants, determined the date the case became removable.

This case presents a markedly different situation. Unlike in *Lovern*, where there was at least a possibility that the defendant was unaware of a key fact that would support removal, there was no possibility that Target did not know the situs of its principal place of business. Indeed, district courts within the Fourth Circuit applying *Lovern* have rejected the argument that a plaintiff's failure to plead facts necessarily known to the defendant, such as the defendant's

6

citizenship, delays the start of the removal clock. For example, in *Bouvette v. American Water Works Service Co.*, No. 2:13-cv-14908, 2013 WL 4805750 (S.D. W. Va. Sept. 9, 2013), the defendants in a state law employment discrimination case attempted to justify their late filing of a notice of removal by arguing that they had learned for the first time during discovery that the non-diverse defendants in the case had been fraudulently joined for purposes of defeating diversity jurisdiction. *Id.* at *2. Citing *Lovern*, the defendants argued that it was only while preparing for the plaintiff's discovery requests that they learned that joinder of two of the defendants was fraudulent because one of the defendant companies had never been the plaintiff's employer and the named individual defendant had never been her supervisor. *Id.* The court rejected the argument that *Lovern* applied under these circumstances, explaining that the defendants "should have been aware of these distinctions at the time they were served with [the plaintiff's] complaint." *Id. at *4.* The court concluded:

> The defendants had actual knowledge of their own corporate structure and employees from the date this action was filed . . . . Therefore, the proper time for the defendants to remove this case was within thirty days of service of the complaint.

*Id.*

Similarly, in *Dugdale v. Nationwide Mutual Fire Insurance Co.*, No. Civ.A. 4:05CV138, 2006 WL 335628 (E.D. Va. Feb. 14, 2006), the court concluded that a breach of insurance contract case was removable from the outset because a demand letter that the plaintiff had sent to defendant Nationwide prior to filing suit referenced insurance policy and claims numbers assigned by Nationwide, which effectively indicated that the claim related to a flood insurance policy arising under the federally-administered National Flood Insurance Program and was therefore subject to federal jurisdiction. *Id.* at *6-7. In reaching its conclusion, the court reasoned that "*Lovern* does not stand for the proposition that a defendant can ignore facts that are

readily known to it . . . . [C]ertainly a defendant is responsible for knowing its own citizenship and could not ignore such only to later claim that subsequent documents revealed to the defendant its own citizenship." *Id.* at \*6. Likewise, "the removable nature of this matter was not obscured" and the defendant was "responsible for knowing that the policy number and claims number that *it assigned*, relate[d] to a flood insurance policy." *Id*. (emphasis in original).

Following the same reasoning, other district courts around the nation have addressed the precise situation at issue in this case and concluded that *Lovern* and comparable cases in other circuits do not excuse a defendant's late-filed notice of removal when the fact not included in the complaint was the defendant's own citizenship. *See, e.g., Praisler v. Ryder Integrated Logistics, Inc.*, 417 F. Supp. 2d 917, 920 (N.D. Ohio 2006) (distinguishing *Lovern* and similar cases by concluding that "[u]nlike a plaintiff's damage claim, cause of action, or citizenship, a defendant's citizenship does not even bring the defendant's subjective knowledge into play, since an individual or a corporate defendant can be expected to know its own citizenship"); *Cretian v. Job1USA, Inc.*, No. CV-09-0770-ST, 2009 WL 4841039, at \*3 (D. Or. Dec. 11, 2009) (distinguishing *Lovern* by noting that a defendant "is presumed to know its own citizenship; indeed it is in the best position to know it"); *Crews v. Nat'l Boat Owners Ass'n Marine Ins. Agency, Inc.*, No. 2:05-cv-1057-MEF, 2006 WL 902269, at \*2 n.3 (M.D. Ala. Apr. 6, 2006) (explaining that *Lovern* did not apply where the defendant "point[ed] to the absence of formal allegations regarding its own citizenship, which it knew, and the citizenship of [its co-defendants,] an entity and an individual that had acted as its agents for purposes for selling an insurance policy," because "[s]uch facts implicate different considerations than those before the Fourth Circuit in *Lovern*").

As in these cases, Target cannot claim that it did not have actual knowledge of the location of its own headquarters and was therefore fully aware of the grounds for removal under diversity jurisdiction upon receipt of service. The flaw in any rule requiring Target to wait for its principal place of business to be stated in a court document before seeking removal is illustrated by the fact that in this case, Target propounded an interrogatory to Dang requesting that she identify the location of Target's own principal place of business, a question that Target, not Dang, was best positioned to answer. To require such an exercise under these circumstances makes little sense and would be a misuse of resources. Accordingly, this Court follows the lead of the other district courts addressing this issue and concludes that *Lovern* does not apply when the fact not pleaded is the defendant's own citizenship. Thus, the Complaint, by describing the plaintiff's state of citizenship as Maryland and identifying Target as the defendant, was the "paper from which it may first be ascertained that the case is one which is . . . removable." 28 U.S.C. § 1446(b)(3).

Target argues that it had no choice but to wait to attempt removal for two reasons. First, Target argues that it "frequently faces challenges over the location of its principal place of business" in removal cases, and therefore Target's "specific discovery on removal [was] the appropriate tactic to ferret out whether a genuine factual dispute exists" as to Target's principal place of business.[1] Opp. Mot. Remand at 3, 10. Second, Target argues that if it had "ignored the clear mandate of the Fourth Circuit [in *Lovern*] and attempted to quickly remove the case based only on the face of the Complaint and its own subjective belief," it would have risked Federal

---

[1] Target's further asserts that Dang "tried to obscure" the location of Target's principal place of business "in her initial proceedings by focusing on a different state, like Maryland, which would destroy diversity jurisdiction." Opp. Mot. Remand at 10. Given that the Complaint was originally filed in Maryland state court, it is unremarkable that it referenced Target's business activities in Maryland and did not identify Target's principal place of business, since only the first of these facts would be necessary to establish jurisdiction in Maryland.

Rule of Civil Procedure 11 sanctions for "'noticing removal without making an adequate inquiry' into the potential disagreement over the location of Target's principal place of business." *Id.* at 11 (quoting *Lovern*, 131 F.3d at 163).

These arguments are unconvincing. Even if Target has faced such challenges to the location of its principal place of business, and even if it believed that Dang would dispute that fact, the existence of such a dispute would not prevent Target from taking the position in a Notice of Removal that its principal place of business was in Minnesota. Under Rule 11, Target could assert that fact so long as its representation to the court was based "on knowledge, information, or belief formed after an inquiry reasonable under the circumstances." *See* Fed. R. Civ. P. 11(b). Target met this standard at the time of the Complaint, because Target necessarily had actual "knowledge" of its own principal place of business and therefore did not have to engage in any "inquiry" at all.

In the end, Target's claim that it needed to engage in discovery to uncover a fact completely within its control is unpersuasive. Accordingly, Target was required to file its Notice of Removal within the 30-day period that began upon service of the Complaint. Because it failed to do so, removal was not proper, and the case must be remanded.

## CONCLUSION

For the foregoing reasons, the Motion to Remand is GRANTED. A separate Order follows.

Date: November 25, 2014

THEODORE D. CHUANG
United States District Judge